Dieter C. Dammeier, SBN 188759
DammeierLaw@gmail.com
**DAMMEIER LAW FIRM**
9431 Haven Avenue, Suite 232
Rancho Cucamonga, CA 91730
Telephone: (909) 240-9525
Facsimile:  (909) 912-1901

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON POULOS and BRANDON BAILEY, on behalf of themselves and all similarly situated individuals,<br><br>             Plaintiffs,<br><br>    vs.<br><br>CITY OF AZUSA,<br><br>             Defendant. | Case No.:<br><br>**FLSA COMPLAINT – 29 U.S.C. §§ 201 et seq.**<br><br>**COLLECTIVE ACTION – 29 U.S.C. § 216** |

# I.

# JURISDICTION

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the controversy arises under "the Constitution, laws or treatises of the United States." Specifically, the claim rises under the Fair Labor Standard Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), for which the Federal Courts have jurisdiction to enforce pursuant to 29 U.S.C. § 216.

**FLSA COMPLAINT**

1

## II.
## VENUE

2. Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391(b) because the acts, events, or omissions given rise to the claim occurred in this District.

## III.
## PARTIES

3. Plaintiffs, JASON POULOS and BRANDON BAILEY are United States citizens and currently employed as police officers with the Defendant City of Azusa.

4. Defendant, CITY OF AZUSA ("Defendant"), is and at all relevant times was, the employer of Plaintiffs. Defendant is a political subdivision of the State of California. Defendant is an employer whose employees are engaged in commerce within the meaning of 29 U.S.C. §207(a) and as defined in 29 U.S.C. §§203(d) and 203(e)(2)(c).

## IV.
## COLLECTIVE ACTION ALLEGATIONS

5. Plaintiffs bring this action on behalf of themselves and all other persons similarly situated who work, or have worked, for Defendant at anytime in the last three years and were not paid their complete statutory overtime compensation. Those individuals are similarly situated and constitute a well-defined community of interest in their respective questions of law and fact relevant to this action. Plaintiffs' claims are typical of those of other individuals similarly situated. Plaintiffs are elected Board Members of the Azusa Police Officers Association and will fairly and adequately represent the interests of those similarly situated.

6. This action is brought by Plaintiffs as a collective action, on thier own behalf and on behalf of all others similarly situated, under the provisions of 29

U.S.C. section 216, for damages, liquidated damages, a three-year statute of limitations, and relief incident and subordinate thereto, including costs and attorney fees.

7. On information and belief, the exact number of members similarly situated in the collective group, as herein above described, is estimated to consist of well over forty individuals.

8. Plaintiffs' claims and the claims of those similarly situated depend on a showing of Defendant's acts and omissions giving rise to Plaintiffs' rights to relief sought herein. There is no conflict as to the named Plaintiffs and other members of the collective group seeking to opt in, with respect to this action, or with respect to the claims for relief herein set forth.

9. This action is properly maintained as a collective action in that the prosecution of separate actions by individual members of the collective group would create a risk of adjudication with respect to individuals members of the class which may as a practical matter be dispositive of the interests of the other members not parties to the adjudications, or may substantially impair or impede their ability to protect their interests.

10. Plaintiff's counsel, Dieter C. Dammeier, is experienced and capable in the field of FLSA and labor/employment litigation, having represented hundreds of public sector claimants in similar wage and hour claims.

11. This action is appropriate for conditional certification as a collective action because Defendant subjected Plaintiffs and all members of the collective class to the same practice for purposes of the FLSA, with respect to cash payments made in lieu of health insurance but failing to include such cash payments in the overtime rate calculation.

12. This factual nexus is sufficient to justify the Court to exercise its discretion to ensure that accurate and timely notice is given to all similarly situated

former and current employees of Defendant so that they may make an informed decision about whether to join this action.

# V.
# **FACTS**

13. The City of Azusa and the bargaining units representing the City's employees have entered into agreements set forth in Memorandum of Understandings ("MOU's"), which allows for employees to choose a health insurance "cash-out" option.

14. Under the current agreements between the City and Plaintiffs, Plaintiffs are entitled to receive "cash-out" payments for any unused portion of their medical benefits.

15. Defendant is obligated to follow the terms of the MOU's. (29 C.F.R. §778.102)

16. Plaintiffs have been exercising their option to receive the cash-out payment for the unused portion of their medical benefits.

17. However, Defendant has failed to apply the cash-out portions of Plaintiffs unused medical benefits to Plaintiffs "regular rate" of pay. Pursuant to 29 U.S.C. section 207(e), the "regular rate" must include all remuneration received by an employee unless it is explicitly excluded. The Central District Court in 2013 (affirmed by the Ninth Circuit in 2016) found this form or payment to not be excludable in determining the "regular rate" when calculating overtime payments. This was widely publicized in the public sector and Defendant was aware of these decisions.

18. Defendant knew or should have known of their obligation to include the cash-out portions of Plaintiffs unused medical benefits owed to Plaintiffs in their regular rate of pay but nevertheless failed to do so. Thus, Defendant failed to

pay Plaintiffs for overtime compensation at one and one half times their regular rate of pay.

19. Defendant acted voluntarily and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs in accordance with the FLSA.

20. Plaintiffs have no administrative remedies to exhaust, and in this matter are not required to.

## V.
## CLAIM FOR RELIEF

21. As a direct and proximate result of their failure and refusal to pay such compensation, Defendant has violated Title 29 U.S.C. §207, et seq.

22. As a direct and proximate result of Defendant's conduct, Plaintiffs have been damaged in an amount according to proof at trial including, but not limited to, a sum equivalent to the unpaid overtime compensation as required by 29 U.S.C. §216(b) and such other and further damages as may be shown at the time of trial.

23. Plaintiffs are also entitled to liquidated damages in a sum equal to the amount of the unpaid compensation due and owing pursuant to 29 U.S.C. §216(d).

24. Plaintiffs are also entitled to recovery of reasonable attorney fees and costs in pursuit of this action pursuant to 29 U.S.C. §216(b).

25. Doing all things described and alleged, Defendant has deprived, and continues to deprive Plaintiffs of their rights, privileges and immunities which were clearly established at the time the Defendant acted herein and the Defendant knew or should have known that its conduct would violate these rights, privileges and immunities. The Defendant acted with the intent to deprive Plaintiffs of their rights, privileges, and immunities by purposely and intentionally refusing and failing to pay or compensate Plaintiffs for hours they provided.

**WHEREFORE**, Plaintiffs pray for Judgment as follows:

26. All actual, consequential, liquidated and incidental losses and damages, according to proof;

27. Such other damages as may be allowed in accordance with the Federal Rules of Civil Procedure, Rule 54(c), and 29 U.S.C. §216 according to proof at trial;

28 Attorney fees pursuant to 29 U.S.C. §216 and costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure;

29 Any and all other relief, including equitable relief, as the Court may deem just and proper.

Respectfully submitted,

Date: June 19, 2017           **DAMMEIER LAW FIRM**


　　　　　　　　　　　　　　　__/s/ Dieter C Dammeier_____
　　　　　　　　　　　　　　　Dieter C. Dammeier
　　　　　　　　　　　　　　　Attorneys for Plaintiffs